# IN THE COURT OF APPEALS OF IOWA

No. 22-0765
Filed April 12, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ADAM MICHAEL WADE,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Henry County, Joshua P. Schier, Judge.

A defendant challenges his sentence, asserting the prosecutor breached the plea agreement. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

This case tasks us with deciding whether a prosecutor satisfied a promise to make a specific sentencing recommendation as part of a plea agreement. Pursuant to the agreement reached in this case, Adam Wade pleaded guilty to delivery of five grams or less of methamphetamine, a class "C" felony, *see* Iowa Code § 12.401(1)(c) (2021), with the prosecutor promising to recommend a deferred judgement. At sentencing, when invited to give a statement as to the State's position on sentencing, the prosecutor stated:

> The plea agreement called for a recommendation from the State for a deferred judgment. I know Mr. Wade does have what appears to be a lengthy criminal history. Most of the things in there are driving charges, although there are some . . . drug charges in the past, but this is by far the most serious offense of that nature.
> I'd note that the [presentence investigation report] recommends a suspended sentence with probation, but I will just confirm that if, as I said, Mr. Wade is indeed eligible for a deferred— I believe he is. I would just confirm that recommendation on behalf of the State.

The district court then sentenced Wade. The court rejected Wade's request for a deferred judgment, adjudicated him guilty of the offense, and sentenced him to an indeterminate term not to exceed ten years. The court suspended the sentence and placed Wade on probation for five years.

Wade appeals. He contends the prosecutor breached the plea agreement by failing to make the agreed-upon recommendation and bringing up Wade's lengthy criminal history and the presentence investigation report (PSI) recommendation for a harsher sentence.[1]

---

[1] The PSI recommended imposition of a suspended sentence, not a deferred judgment.

We have jurisdiction to hear this appeal despite Wade's guilty plea because Wade has established good cause by challenging his sentence and not his guilty plea. *See State v. Patten*, 981 N.W.2d 126, 129–30 (Iowa 2022) ("Patten claims that the State breached its plea agreement to recommend suspended sentences. Because Patten raises a challenge to the sentence rather than to the guilty plea itself, good cause has been established."). An allegation that a prosecutor breached the plea agreement at sentencing "is a species of sentencing error to which the traditional rules of error preservation are inapplicable." *State v. Boldon*, 954 N.W.2d 62, 70 (Iowa 2021).

Correction of errors at law is the standard of review for sentencing challenges. *Patten*, 981 N.W.2d at 130. Before vacation of a sentence is warranted, "the record must show some 'abuse of discretion or some defect in the sentencing procedure.'" *Id.* (quoting *State v. Davis*, 971 N.W.2d 546, 553 (Iowa 2022)). Breach of a plea agreement is a defect in the sentencing procedure. *Id.* "[A] breached plea agreement leaves an indelible taint on the proceedings we cannot excuse or overlook." *Id.* at 131.

As Wade claims the State breached the plea agreement, the relevant inquiry is "whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Id.* (quoting *Boldon*, 954 N.W.2d at 71). We start this inquiry by noting that there is a difference between *reciting* a proposed sentence and *recommending* a proposed sentence. When, as here, a prosecutor agrees to recommend a particular sentence, "[w]e have made clear the prosecutor must do more than simply recite the agreed

recommended sentence." *Davis*, 971 N.W.2d at 557 (alteration in original) (quoting *State v. Lopez*, 872 N.W.2d 159, 173 (Iowa 2015)). To recommend a sentence is defined to mean:

> (1) "to mention or introduce as being worthy of acceptance, use, or trial," (2) "to make a commendatory statement about as being fit or worthy," (3) "to bring forward as being fit or worthy," (4) "present with approval," (5) "indicate as being one's choice for something or as otherwise have one's approval or support," (6) "offer or suggest as favored by oneself."

*Id.* (citation omitted).

Looking at the prosecutor's above-quoted statement of the State's position, the statement is nothing more than a recital of the proposed sentence. There is nothing in the prosecutor's statement that can be construed as a recommendation or that the proposed sentence is worthy of the court's acceptance. *See id.* ("[The prosecutor] said nothing to indicate that suspended sentences for Davis were worthy of the court's acceptance."). To be clear, we are not requiring the prosecutor to make a recommendation with any particular level of zeal. *Id.* ("We do not mandate florid advocacy when the State agrees to recommend a particular sentence."); *see also United States v. Brown*, 500 F.2d 375, 377 (4th Cir. 1974) (requiring the prosecutor's recommendation to be "expressed with some degree of advocacy" and cited with approval in *Davis*, 971 N.W.2d at 558). But, we do require the recommendation to be made. That didn't happen here, so the prosecutor breached the plea agreement.

Though the failure to make the agreed recommendation is enough to find a breach of the plea agreement, we also find another breach of the plea agreement. Even when a prosecutor technically complies with the plea agreement (which didn't

happen here), the prosecutor is not permitted to express material reservations about the agreement. *Boldon*, 954 N.W.2d at 71. Material reservations can be explicit or implicit. *Id.* An example of an explicit reservation would be expressing regret for entering the agreement. *Id.* at 71–72. Examples of implicit reservations include undercutting the recommendation by referring to a different recommendation in the PSI, *id.* at 72 (citing *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999)); reminding the court that it is not bound by the plea agreement, *id.* (citing *State v. Bearse*, 748 N.W.2d 211, 216 (Iowa 2008)); and emphasizing the horrific nature of the offense, *id.* (citing *Lopez*, 872 N.W.2d at 178–80).

Here, we find the prosecutor expressed implicit reservations about the proposed sentence. Sandwiched between the prosecutor's beginning and ending comments—the comments whereby the prosecutor merely recited the proposed sentence without recommending it—are comments providing details that reflect negatively on the proposal for a deferred judgment. The comments highlighted Wade's extensive criminal history, including the fact that he has prior drug-related charges, and the PSI recommendation for imposition of a harsher sentence than proposed by the parties. Highlighting these warts did nothing to advance the proposal for a deferred judgment.

We are not persuaded by the State's argument that these comments were designed to provide context and show that the prosecutor was making the recommendation despite these negative details. It is true that a prosecutor may highlight seemingly negative facts in order to let the sentencing judge know that the prosecutor is aware of those facts, has considered them, and is making the sentencing recommendation in spite of them. *See*, *e.g.*, *State v. Edwards*,

No. 17-0953, 2018 WL 1433154, at *2 (Iowa Ct. App. Mar. 21, 2018) ("The prosecutor's reference to the defendant's criminal history and substance-abuse history provided context to the sentencing recommendation and demonstrated support of the presentence investigation report's recommended disposition . . . ."); *State v. McDowell*, No. 17-0679, 2017 WL 6034123, at *1 (Iowa Ct. App. Dec. 6, 2017) ("[G]iven the defendant's extensive criminal history, which the district court described as 'one of the longest criminal records [it had] ever seen going back 30 years,' it was necessary for the parties, including the prosecutor, to acknowledge the defendant's criminal history to explain the sentencing recommendation . . . ." (second alteration in original)). If the prosecutor had listed the negative details and then given some explanation as to why the State was agreeing to the proposed sentence despite those details, we may be persuaded that the prosecutor was merely providing context to advance the proposed sentence. But no such explanation was given. Instead, the prosecutor merely highlighted the negative facts and then repeated the bare recital of the proposed sentence. In this context, we cannot view the highlighting of the negative facts as advancing the proposal for a deferred judgment in spite of those negative facts. *See Patten*, 981 N.W.2d at 133 ("Although we agree it is often helpful (and sometimes even necessary) to explain a recommendation, doing so does not inherently advance a recommendation, just as it does not inherently undercut one." (internal citation omitted)). Instead, we view them as an implicit expression of a material reservation about the proposed sentence, and thus a violation of the plea agreement.

Both our court and our supreme court have seen multiple cases recently involving these types of claims that have resulted in vacated sentences.[2]  Maybe the message can be distilled down to this.  If prosecutors don't like a sentencing recommendation, then they shouldn't agree to make it.  But, if they do agree to make it, then they should at least act like they like it.  *See Davis*, 971 N.W.2d at 558 ("If the prosecutor believed Davis deserved incarceration, she should not have committed to recommending suspended sentences.  Buyer's remorse does not excuse breaking a contract.").

Having found violations of the plea agreement, we grant the recognized remedy, which is to vacate the sentence, remand for resentencing before a different judge, and require the prosecutor to honor the plea agreement by making the agreed-upon recommendation without reservation.  *See Patten*, 981 N.W.2d at 134.  As in any case where remand is necessary because of a mistake by one or more of the parties rather than the judge, we highlight that our decision is not intended as criticism of the district court and no such criticism should be inferred. *See id.*

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

---

[2] *See, e.g.*, *Patten*, 981 N.W.2d at 134; *Davis*, 971 N.W.2d at 557–58; *State v. Ahrenholz*, No. 21-1263, 2022 WL 17829367, at *5 (Iowa Ct. App. Dec. 21, 2022); *State v. Westwater*, No. 20-0691, 2021 WL 4889229, at *2–3 (Iowa Ct. App. Oct. 20, 2021).